IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE THOMAS TUCKER, ID # 03393-078,  )  <br> Petitioner,                          ) <br> vs.                                         ) <br>                                              ) <br> DAN JOSLIN,                            ) <br> Respondent.                           ) | <br><br>No. 3:06-CV-0189-H (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND[1]

Petitioner is a federal prisoner incarcerated in FCI-Seagoville who challenges his federal conviction in *United States v. Tucker*, No. 6:91-CR-030 (E.D. Tex.), pursuant to 28 U.S.C. § 2241. Petitioner names Dan Joslin, Warden of the Seagoville prison facility, as respondent.

On May 16, 1991, a grand jury in the Eastern District of Texas indicted petitioner for various violations of federal law, including a violation of 18 U.S.C. § 924(c). On December 19, 1991, petitioner was found guilty of violating § 924(c) and other charged offenses. The trial court sentenced him to 352 months imprisonment.

The Fifth Circuit affirmed his convictions. *See United States v. Sparks*, 2 F.3d 574, 577-78 (5th Cir. 1993). The Eastern District of Texas subsequently denied or dismissed three prior actions

---

[1] The background section is taken from the petition filed in this action, the docket sheet related to petitioner's federal criminal action in the Eastern District, and relevant documents filed in that criminal action and related actions filed pursuant to 28 U.S.C. § 2255.

that were either filed pursuant to 28 U.S.C. § 2255 or construed as being filed pursuant to § 2255. *See Tucker v. United States*, No. 6:05-CV-0495 (E.D. Tex. filed Dec. 27, 2005) (dismissing action on Jan. 25, 2006); *Tucker v. United States*, No. 6:96-CV-0393 (E.D. Tex. filed May 3, 1996) (dismissing action on Nov. 14, 1997); *Tucker v. United States*, No. 6:95-CV-0703 (E.D. Tex. filed Sept. 29, 1995) (originally filed on May 4, 1995, as a motion to dismiss statutory criminal case, and dismissed on June 7, 1996).

On January 30, 2006, this Court received the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 wherein petitioner claims that he was convicted and sentenced in violation of the Constitution because he is actually innocent of the § 924(c)(1) offense in light of *Bailey v. United States*, 516 U.S. 137 (1995) (decided December 6, 1995), and because the trial court lacked jurisdiction due to a defective indictment. The Court has not yet ordered an answer to the § 2241 petition.

## II.  JURISDICTION UNDER § 2241

Section 2241(a) provides district courts the power to grant a writ of habeas corpus to remedy a petitioner's restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). While § 2255 provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing," § 2241 is the proper procedural vehicle in which to raise an attack on "the manner in

which a sentence is executed." *Padilla v. United States,* 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted). The remedy afforded under § 2241 is "no different" from the scope of remedy afforded under § 2255. *Kinder,* 222 F.3d at 214. However, a petition filed under § 2241 "is not . . . a substitute for a motion under § 2255." *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

A § 2241 petition that seeks to challenge the validity of a federal sentence, *i.e.*, by attacking errors that occurred at trial or sentencing, must either be dismissed or construed as a § 2255 motion. *See Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000). However, if a petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his or her detention, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255. *Padilla,* 416 F.3d at 426. That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers,* 253 F.3d at 830. The case law is clear that "the inadequacy or inefficacy requirement is stringent." *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). If a petitioner who has filed a § 2241 petition fails to show § 2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the § 2241 petition. *See Christopher v. Miles,* 342 F.3d 378, 379 (5th Cir. 2003) (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

3

Utilization of § 2241 instead of § 2255 is limited to very specific situations, and a petitioner seeking relief under the savings clause of § 2255 must demonstrate three things:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Id.* at 382; *accord Padilla*, 416 F.3d at 426. "Of course, this test will operate in the context of [the Fifth Circuit's] existing jurisprudence regarding what is *not* sufficient to obtain access to the savings clause." *Reyes-Requena*, 243 F.3d at 904 (citing *Pack* as reflective of such jurisprudence).

One may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate). As the Fifth Circuit noted in *Pack*,

> [t]o hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

218 F.3d at 453.

In this case, petitioner makes no attempt to show that § 2255 is ineffective or inadequate. He merely argues that he is actually innocent based upon *Bailey* and that a defective indictment deprived the trial court of jurisdiction. However, although a *Bailey* claim may be brought pursuant to § 2241 in the district of incarceration in some circumstances under the savings clause of § 2255,

4

*see Reyes-Requena*, 243 F.3d at 900-06, such claim is not properly brought pursuant to § 2241 in all circumstances, *see Zuniga-Hernandez v. Childress*, No. 05-40985, 2006 WL 3253621, at *2 (5th Cir. Nov. 9, 2006) (finding that a prisoner convicted of using and carrying a firearm may not pursue a *Bailey* claim pursuant to the savings clause); *Martin v. Wendt*, 176 Fed. App'x 479, 479 (5th Cir. 2006) (holding that a *Bailey* claim may not be raised in a § 2241 action when the claim was not foreclosed when he sought § 2255 relief); *Barrera-Diaz v. Pettiford*, 116 Fed. App'x 474, 474 (5th Cir. 2004) (holding that a § 2241 petition "is not permitted by the 'savings clause' of 28 U.S.C. § 2255 because Barrera was able to assert his *Bailey* claim in a prior motion"); *United States v. Rocha*, Nos. 3:89-CR-0095-G, 3:00-CV-2456-G, 2001 WL 1076137, at *5-7 (N.D. Tex. July 20, 2001) (order accepting findings, conclusions, and recommendation of magistrate judge) (finding that resort to § 2241 under the savings clause is not appropriate even when raising a *Bailey* claim in a successive § 2255 motion, unless the asserted claim would have been timely filed under § 2255), *aff'd on other grounds*, 48 Fed. App'x 481 (5th Cir. 2002) (declining to decide the interplay between the § 2255 limitations issue and reliance on § 2241 for a *Bailey* claim). Furthermore, a federal prisoner may not rely on the savings clause for claims of a defective indictment without showing that "a retroactively applicable Supreme Court decision . . . establishes that the petitioner may have been convicted of a nonexistent offense." *Zuniga-Hernandez v. Childress*, No. 05-40985, 2006 WL 3253621, at *2 (5th Cir. Nov. 9, 2006) (quoting *Reyes-Requena*, 243 F.3d at 904).

Petitioner has not carried his burden to show § 2255 ineffective or inadequate so as to bring his claims pursuant to § 2241. With respect to his defective indictment claim, he merely argues that the indictment is defective because it fails to charge an offense under USSG § 3B1.1(a). He identifies no retroactively applicable Supreme Court decision that places such claim within the

5

savings clause of § 2255. Consequently, he may not pursue such claim through the savings clause of § 2255.

With respect to his *Bailey* claim, petitioner has provided nothing to show that he was only convicted of using a firearm.[2] Because *Bailey* "did not address the *carrying* facet of § 924(c)", *United States v. Muscarello*, 106 F.3d 636, 638 (5th Cir. 1997), *aff'd*, 524 U.S. 125 (1998), a "challenged conviction may stand if the 'carry' prong of § 924(c) is satisfied", *United States v. Sanders*, 157 F.3d 302, 304 (5th Cir. 1998). A *Bailey* claim provides no basis for a § 2241 petition when the petitioner was convicted of both using and carrying a firearm. *See Zuniga-Hernandez v. Childress*, No. 05-40985, 2006 WL 3253621, at *2 (5th Cir. Nov. 9, 2006).

Furthermore, had petitioner pursued his *Bailey* claim in a § 2255 motion, rather than the instant § 2241 petition, such claim would certainly be untimely under ¶ 6(3) of § 2255.[3] To timely

---

[2]  Although this Court has access to some documents related to petitioner's criminal action in the Eastern District of Texas by virtue of scanning technology, it lacks access to all relevant documents. Nevertheless, the burden lies with the petitioner to show that § 2255 is inadequate and ineffective so as to properly pursue his claims pursuant to § 2241, and he has not carried that burden.

[3]  Paragraph 6 of "28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). That paragraph provides:
   A 1-year period of limitation shall apply to a motion under this section. The
   limitation period shall run from the latest of –
        (1) the date on which the judgment of conviction becomes final;
        (2) the date on which the impediment to making a motion created by governmental action
   in violation of the Constitution or laws of the United States is removed, if the movant was prevented
   from making a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that
   right has been newly recognized by the Supreme Court and made retroactively applicable to cases on
   collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
   discovered through the exercise of due diligence.
Although "[i]n most cases, the operative date from which the limitation period is measured will be the one identified in ¶ 6(1) . . . later filings are permitted where subparagraphs (2)-(4) apply." *Dodd*, 545 U.S. at 357. In this instance, ¶ 6(3) provides the latest possible commencement date.

6

present a *Bailey* claim under ¶ 6(3), one must file the motion "within one-year of the *Bailey* decision." *United States v. Rocha*, Nos. 3:89-CR-0095-G, 3:00-CV-2456-G, 2001 WL 1076137, at *3 (N.D. Tex. July 20, 2001) (order accepting findings, conclusions, and recommendation of magistrate judge); *accord Dodd v. United States*, 545 U.S. 353, 359-60 (2005) (holding that, when ¶ 6(3) of § 2255 commences the limitations period, federal prisoners "have one year from th[e] Court's decision within which to file his § 2255 motion"); *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001) (holding that a § 2255 motion asserting claims under *Richardson v. United States*, 526 U.S. 813 (1999) must be asserted within one year of that decision). Although such period is extended in this case to April 24, 1997, due to a one-year grace period following the enactment of AEDPA, *see Rocha*, 2001 WL 1076137, at *3, petitioner filed the instant petition well after that grace period expired. In addition, although the Court may equitably toll the limitations period, *see id.* at *4-5, petitioner has demonstrated no basis for such tolling. His claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000). As briefly discussed previously, moreover, petitioner has presented nothing to convincingly suggest that the jury would not have convicted him of carrying a firearm in violation of § 924(c)(1).

Because petitioner's *Bailey* claim would be untimely had petitioner presented it in a § 2255 motion, petitioner may not rely on the savings clause of § 2255 to assert the claim in a § 2241 petition. *See Rocha*, 2001 WL 1076137, at *6-7. In *Rocha*, this Court set out its rationale for such position:

> *Reyes-Requena* does not eviscerate the jurisprudence reflected in *Pack*. *See* 243 F.3d at 904. It simply provides a remedy under § 2241, when the federal prisoner had no reasonable opportunity to correct a fundamental defect in his conviction.

> It seems inappropriate to find § 2255 ineffective or inadequate, when the movant has allowed the one-year statute of limitations of § 2255 to expire. Jurisprudence of the Fifth Circuit "regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." *See Reyes-Requena*, 243 F.3d at 901. That one is procedurally barred from proceeding under § 2255 is insufficient "to demonstrate that section 2255 relief is inadequate or ineffective." *Pack*, 218 F.3d at 452. It seems incongruous with Congressional intent to permit what would be an untimely motion under § 2255 to be properly filed under § 2241. *See Montenegro v. United States*, ___ F.3d ___, ___, No. 00-1301, 2001 WL 378391, at *___ (7th Cir. Apr. 16, 2001); *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 894 (2001). Congress did not intend the savings clause of § 2255 to save prisoners from their own delays and procrastination. *Montenegro*, ___ F.3d at ___, 2001 WL 378391, at *___. The *Reyes-Requena* court specifically noted, furthermore, that "[s]ection 2255 is the primary collateral relief mechanism for federal prisoners, and the savings clause cannot create a detour around § 2255 such that § 2255 is rendered a nullity." 243 F.3d at 901 n.19.
>
> Were the Court to disregard the untimeliness of the instant motion and find § 2255 ineffective or inadequate, movants who have filed a previous motion to vacate would stand in a better position than those who have filed no such previous motion. Had Rocha not filed his earlier petition the instant motion would not have implicated the savings clause and the instant petition would undoubtedly be barred by limitations. Congress did not intend to place successive filers in a better situation than first time filers. That is why Congress set forth two narrow exceptions for allowing a second or successive motion to vacate.
>
> Rocha had a meaningful opportunity to present his claims in a successive motion before the one-year statutory period of limitations expired. In such circumstances, § 2255 appears adequate and effective to address his claims. To find § 2255 inadequate or ineffective when the movant has not complied with the one-year limitations period, would undermine the Congressional intent behind the AEDPA. The failure to timely seek relief appears the result of Rocha's own doing and not due to any inadequacy in § 2255.

*Id.*[4]

The *Rocha* rationale finds further support in *Dodd v. United States*, 545 U.S. 353 (2005), wherein the Supreme Court stated:

---

[4] In *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001), the Seventh Circuit overruled *Montenegro v. United States*, 248 F.3d 585 (7th Cir. 2001). The *Ashley* opinion, however, does nothing to detract from the proposition for which *Rocha* cited *Montenegro*.

8

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief. The limitation period in ¶ 6(3) applies to "all motions" under § 2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion. An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255, ¶ 8(2). Dodd points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.

545 U.S. at 359. Despite the "potential for harsh results in some cases", the Supreme Court majority declined to "rewrite the statue" and did not suggest that such untimeliness would permit a prisoner to invoke the § 2255 savings clause. *See id.* at 359-60. The dissent likewise did not suggest application of the savings clause in such circumstances. *See id.* at 370 (Steven, J. dissenting). Although the Supreme Court did not have a specific savings clause issue before it, its lack of discussion of the potential application of the savings clause to avoid the noted harsh results is enlightening.

For all of these reasons, petitioner has failed to carry his burden to show § 2255 is ineffective or inadequate so that he can pursue his claims under § 2241. In light of such failure, the Court must either construe the action as arising under § 2255 or dismiss it. *See Pack*, 218 F.3d at 452. Because petitioner was convicted in the Eastern District of Texas, this Court has no jurisdiction over a § 2255 motion filed by him. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) (holding that "the only court with jurisdiction to hear [a motion to vacate] is the court that sentenced [petitioner]"). Therefore, the Court may not construe the action as one under § 2255, and this action should be dismissed for

9

lack of jurisdiction. *See Christopher*, 342 F.3d at 379 (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** petitioner's application for habeas corpus relief brought pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

**SIGNED this 14th day of November, 2006.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE